08-1846-cr(L), 08-3754-cr(CON), 08-4545-cr(CON), 08-54520-cr(CON)
United States v. Brens[*]

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of April, two thousand ten.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> > *Circuit Judges.*[**]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

> *Appellee,*

> v.

Nos. 08-1846-cr(L), 08-3754-cr(CON), 08-4545-cr(CON), 08-54520-cr(CON)

GUILLERMO GARAY, FRANCISCO GARCIA, GEITHNERT THORP, JOSE ESCOBAR OREJUELA, also known as Doctor Robles, also known as Robles, also known as Tabla, GRECIA ESCOBAR, also known as La Tia, JESUS TOVAR, also known as Chucho, JORGE IGNACIO FIGUEROA, WENCESLAO FIGUEROA, PEDRO FIGUEROA BEDOYA, also known as El Indio, WILLIAM FIGUEROA, also known as Memo, JOSEPH ESCOBAR JR., CENIDE TOVAR, also known as Cenia, MANUEL LLANOS ESCOBAR, LUZDARI COMORI, JOSE M. ESCOBAR, also known as Joey, CARMEN RODRIGUEZ DE SALINAS, LUIS IBARGUEN, JOHN DOE III, JOSE GUERRERO, ANA MARTINEZ, JANETH ESCOBAR,

---

[*] The Clerk of the Court is directed to amend the abbreviated caption to conform with the caption listed above.

[**] The Honorable Rosemary S. Pooler, originally scheduled to be a member of the panel hearing this appeal, was unable to participate. The appeal has been decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. Local Rules, Internal Operating Procedure E(b).

*Defendant*s,

ALBERTO BRENS, JULIO GONGORA, RAUL ADAMES, GUSTAVO FIGUEROA BEDOYA, also known as Doctor Meneses, also known as Meneses, also known as Gordo,

*Defendants-Appellants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR APPELLANT:** | JESSE M. SIEGEL, New York, NY, *for defendant-appellant Gustavo Figueroa Bedoya.* |
| | Robin C. Smith, Law Office of Robin C. Smith, Esq., P.C., Brooklyn, NY, *for defendant-appellant Alberto Brens.* |
| **FOR APPELLEES:** | CARRIE CAPWELL, Assistant United States Attorney, (Benton J. Campbell, United States Attorney, and Emily Berger, Assistant United States Attorney, *on the brief*) United States Attorney's Office for the Eastern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (David G. Trager, *Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Defendants-appellants Gustavo Figueroa Bedoya and Alberto Brens appeal from two judgments of the District Court. Specifically, Brens appeals from the judgment of the District Court dated February 27, 2008, convicting him of one count of conspiracy to import five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 963 and 960; two counts of conspiracy to distribute and possession with intent to distribute five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841, and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922 and 921; and sentencing him principally to a term of 120 months' imprisonment. Bedoya appeals from the November 7, 2008 judgment of the District Court convicting him of one count of conspiracy to import five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(B); one count of conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A); two counts of importation of five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(B); and two counts of distribution and possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); and sentencing him principally to a term of 216 months' imprisonment. On appeal, Brens argues (1) that the evidence presented at trial was insufficient to convict him of conspiring to import cocaine and (2) that the evidence presented at trial was insufficient to convict him of conspiring to distribute and possess with intent to distribute cocaine,

2

distribution and possession with intent to distribute cocaine. Bedoya argues that the District Court erred in sentencing him because (1) the District Court improperly imposed a leadership enhancement and (2) the District Court improperly concluded that he was ineligible for so-called "safety valve" relief. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Brens argues that the evidence presented at trial was insufficient to support his convictions on the drug-related counts. Because "the task of choosing among competing, permissible inferences is for the [jury and] not for the reviewing court," *United States v. McDermott*, 245 F.3d 133, 137 (2d Cir. 2001), we are required to review the evidence "in the light most favorable to the government," *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir. 2004) and "resolve all issues of credibility in favor of the jury's verdict." *United States v. Dressna*, 287 F.3d 170, 177 (2d Cir. 2002). *See generally Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). At trial, the government introduced evidence that could support the jury's verdict. Applying the deferential standard set forth above, we conclude that there was sufficient evidence to support each guilty verdict challenged here and, accordingly, we affirm the judgment of the District Court against Brens.

Bedoya, in turn, argues that the District Court erred in imposing, pursuant to § 3B1.1 of the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines"), a leadership enhancement to his sentence because the District Court incorrectly calculated the applicable range under the Guidelines and failed to make adequate findings to support such an enhancement. We review a sentence for procedural and substantive reasonableness, which is akin to review under an "abuse-of-discretion" standard. *See, e.g.*, *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc); *see also Gall v. United States*, 128 S. Ct. 586, 591 (2007); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008). When a defendant challenges the district court's *interpretation* of a Guidelines provision, we review this interpretation of the Guidelines—just as we would review the interpretation of any law—*de novo*. *See, e.g.*, *United States. v. Hertular*, 562 F.3d 433, 449 (2d Cir. 2009). Here, the District Court made sufficient factual findings to support its imposition of the leadership enhancement, as the District Court "adopt[ed] the report of the Probation Department." Bedoya App'x 77. The report of the Probation Department reported facts sufficient to establish that Bedoya was eligible for the leadership enhancement. Specifically, it reported, among other things, that Bedoya located investors in Colombia who purchased the cocaine, that he coordinated numerous shipments of cocaine to the United States, that the conspiracy consisted of more than five individuals, and that he directed other co-conspirators. Accordingly, we conclude that the District Court did not err in imposing the leadership enhancement.

Finally, Bedoya argues that the District Court erred in concluding that Bedoya was ineligible for "safety valve" relief under U.S.S.G. § 5C1.2. Under the relevant sections of the United States Code, 18 U.S.C. § 3553(f), and the Guidelines, U.S.S.G. § 5C1.2, a defendant is ineligible for safety valve relief if he was an "organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f). Since we conclude that the District Court did not err in imposing the leadership enhancement, we also conclude that the District Court did not err in concluding

that Bedoya was ineligible for safety valve relief.  Accordingly, we affirm the judgment of the District Court against Bedoya.

## CONCLUSION

For the reasons stated above, we **AFFIRM** the judgments of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk